**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4816

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFF NICHOLAS HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:05-cr-00315-3)

Submitted:  October 15, 2007          Decided:  October 26, 2007

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, LLP, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeff Nicholas Hill appeals his convictions and 172-month sentence following his guilty plea to conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C) (2000); possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2 (2000); and possession of firearms in connection with a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(C)(i), 2 (2000). Hill contends the district court erred in denying his motion to suppress evidence resulting from a stop and search of his vehicle.[1] We conclude the district court did not err in finding police officers had reasonable suspicion to justify the stop and protective search or in denying the motion to suppress. Accordingly, we affirm.

This court reviews the district court's factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. Id.

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a

---

[1]Hill's conditional guilty plea preserved his right to appeal the district court's denial of his motion to suppress.

reasonable, articulable suspicion that criminal activity is afoot."
Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v.
Ohio, 392 U.S. 1 (1968)).  To conduct a Terry stop, there must be
"at least a minimal level of objective justification for making the
stop."  Wardlow, 528 U.S. at 123.  Reasonable suspicion requires
more than a hunch but less than probable cause and may be based on
the collective knowledge of officers involved in an investigation.
Id. at 123-24.

Hill contends the police officers lacked reasonable
suspicion to stop his vehicle because they did not have reliable or
specific information that he was engaged in criminal activity.  The
police officers stopped Hill's vehicle based on the following
circumstances.  A suspect was arrested in connection with an
assault, and upon arrest, the police began conducting surveillance
of the suspect's house.  The police also had information at the
time, provided by a confidential informant, that the suspect's
house contained a marijuana grow room and an arsenal of weapons.
Shortly after the officers began watching the house, three vehicles
parked in front of the house, and the drivers hurriedly began
transferring items from the house into the vehicles.  Among the
items carried out, the officers observed numerous plastic bags, a
safe, and what appeared to be a long gun wrapped in a blanket.  The
vehicles then hurriedly departed, and the officers followed and
eventually pulled them over.  One of the cars was driven by Hill.

Hill points out that the confidential informant's information regarding the contents of the house was not based on personal observation and none of the information implicated him. Nevertheless, the officer who obtained the information from the confidential informant personally knew the informant. The officer also knew that the source of the information was the informant's spouse, who worked closely with the arrested suspect for the same employer. Moreover, much of the information provided was detailed and corroborated. Accordingly, we agree with the district court that the police had reasonable suspicion based upon information provided by the informant. See Illinois v. Gates, 462 U.S. 213, 243-44 (once corroborated, even an otherwise unreliable tip may establish the higher, probable cause standard). Additionally, while the tip did not convey any information about Hill, and indeed, the officers did not know who Hill was as they observed him taking items from the house, the activity observed by the officers, along with information they already had, gave rise to reasonable suspicion that Hill was engaged in criminal activity.

Hill also contends the police officers were not entitled to search the passenger compartment of his car because the stop of the vehicle was unjustified, his consent to search was invalid, and there was no basis to believe he was dangerous.[2] When a police

---

[2]When the officer searched the passenger compartment of the car, he found hand-made grenades in a plastic container. He stopped searching, called the bomb squad, and arrested Hill. In a

officer lawfully stops a vehicle and possesses "a reasonable belief based on 'specific and articulable facts'. . . that the suspect is dangerous and . . . may gain immediate control of weapons," the officer may search the areas of the passenger compartment of the automobile where "a weapon may be placed or hidden." Michigan v. Long, 463 U.S. 1032, 1049-50 (1983) (quoting Terry, 392 U.S. at 21). In so holding, "the Long Court rejected the argument that an officer has no reasonable basis for believing that a suspect may gain control of a weapon in his vehicle when the suspect is outside of the vehicle and under an officer's 'brief control.'" United States v. Holmes, 376 F.3d 270, 276 (4th Cir. 2004)(citing Long, 463 U.S. at 1051-52).

Here, the police officers had a reasonable belief Hill was dangerous because they had reason to believe he had removed items from a house containing numerous weapons. The officers also knew that at least one of the items taken from the house appeared to be a gun. Moreover, when they approached the car, both officers involved in stopping Hill's car observed a gun in the back seat. As was the case in Holmes, although Hill was out of the car and restrained when the officer searched the passenger compartment, the officer was entitled to conduct a protective search of that area because of the possibility that Hill would have access to any

---

later search of the car, the officers found additional ammunition and a variety of drugs.

weapons located there.  See Holmes, 376 F.3d at 280 (protective search of passenger compartment warranted when suspect was handcuffed in the back of police cruiser, because if not arrested, the suspect would be permitted to return to the vehicle).

Accordingly, the district court correctly found the officers had reasonable suspicion sufficient to justify a stop and protective search of the passenger compartment of Hill's car and properly denied Hill's motion to suppress. We therefore affirm Hill's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED